IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAYLOR HAWBAKER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-24-2682 |
| NEW BENEVIS SMILES, LLC, et al., | * | |
| Defendants. | * | |

\*\*\*

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants New Benevis Smiles, LLC; New Benevis Affiliates, LLC (together, "New Benevis"); and Kristie Groover's (collectively, "Defendants") Motion to Dismiss and in the Alternative to Bifurcate and Stay Discovery (ECF No. 20). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant Defendants' Motion.

## I.   BACKGROUND[1]

### A.   Factual Background

This action arises out of alleged unlawful discrimination by Defendants against Plaintiff Taylor Hawbaker "based on her sex/gender and pregnancy." (Am. Compl. ¶ 1, ECF No. 19). Hawbaker is a resident of Pennsylvania. (Id. ¶ 13). Defendants New Benevis

---

[1] Unless otherwise noted, the Court takes the following facts from the Amended Complaint (ECF No. 19) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Smiles, LLC and New Benevis Affiliates, LLC (together "New Benevis") are foreign limited liability companies organized under the laws of Delaware with their principal place of business in Atlanta, Georgia. (Id. ¶¶ 14, 18). New Benevis conducts business in Washington County, Maryland, where it employs at least fifteen individuals. (Id. ¶ 24). At all times relevant to this case, Defendant Kristie Groover was employed by New Benevis as a Talent Acquisition Partner. (Id. ¶ 25).

On or around September 13, 2022, Hawbaker responded to an Indeed posting listed by Groover for an open position as a "Bilingual Dental Receptionist" with New Benevis. (See id. ¶¶ 29–33). According to Hawbaker, Groover informed her that based on her resume Hawbaker "could be a good fit" for the position. (See id. ¶¶ 28–31). After expressing general interest in the role, Hawbaker inquired about scheduling an interview, noting that "she was currently 27 weeks pregnant" but could "start ASAP" and "would only require a brief and unpaid maternity leave." (Id. ¶¶ 33–35). To this news, Groover allegedly responded that it might be difficult to find coverage for Hawbaker's anticipated maternity leave and suggested that Hawbaker reach back out after having the baby. (See id. ¶¶ 36–37). When asked, Groover allegedly denied discriminating against Hawbaker on the basis of her pregnancy. (Id. ¶¶ 38–39). According to Hawbaker, Groover maintained that the reason the company declined to hire her was because the time frame of Hawbaker's maternity leave would prevent her from completing the company's training program. (Id. ¶ 40).

B.     **Procedural History**

On March 7, 2023, Hawbaker signed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against New Benevis.[2] (EEOC Charge at 2, ECF No. 19-2).[3] Hawbaker filed an initial complaint with this Court on September 16, 2024. (ECF No. 1). On January 8, 2025, Hawbaker filed an Amended Complaint alleging that: (1) Defendants discriminated against her based on sex/pregnancy in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Maryland's Fair Employment Practices Act ("FEPA") (Counts I & II); and (2) Defendant Groover aided and abetted New Benevis' discriminatory conduct in violation of Maryland Code, State Government § 20-

---

[2] Ordinarily, a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion. Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). However, a Court will consider a document attached to the complaint if it was "integral to and explicitly relied on in the complaint" and if there is no challenge to its authenticity. See id. (citing Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc., 367 F.3d 212, 234 (4th Cir. 2004)). Here, Hawbaker attaches an EEOC Charge to her Amended Complaint. (ECF No. 19-2). Because the underlying EEOC proceeding is necessary for Hawbaker to file the instant action, the Court finds the EEOC Charge and other documentation from the EEOC Record integral to this case. See Menk v. MITRE Corp., 713 F.Supp.3d 113, 143 n.9 (D.Md. 2024) (finding EEOC Charge integral to complaint because its very existence is required to determine the scope of the claims that Plaintiff is entitled to bring under Title VII and the ADA). While Defendants do raise legal arguments with respect to the EEOC Charge form itself, neither party disputes its authenticity. (See Defs.' Mem. Supp. Mot. Dismiss ["Mot."] at 4–8, ECF No. 20-1; see generally Pl.'s Opp'n Mot. Dismiss ["Opp'n"], ECF No. 22). Accordingly, the Court will consider Hawbaker's EEOC Charge of Discrimination in its analysis.

[3] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

801 (Count III).[4] (Am. Compl. at 7–11, ECF No. 19). Hawbaker seeks monetary relief, attorney's fees, and costs. (Id. at 11–12).

Defendants filed an initial Motion to Dismiss on November 11, 2024. (ECF No. 12). Upon Hawbaker's filing of an Amended Complaint, Defendants filed the instant Motion to Dismiss and in the Alternative to Bifurcate and Stay Discovery on January 22, 2025. (ECF No. 20). Hawbaker filed an Opposition on January 31, 2025, (ECF No. 22), and Defendants filed a Reply on February 6, 2025, (ECF No. 24).

## II. DISCUSSION

### A. Standard of Review

#### 1. Rule 12(b)(1)

Defendants first argue that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Hawbaker failed to exhaust her administrative remedies. (See Defs.' Mem. Supp. Mot. Dismiss ["Mot."] at 4–8, ECF No. 20-1). Rule 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction. A defendant challenging jurisdiction may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)).

---

[4] Hawbaker labels this allegation as Count II in her Amended Complaint. (Am. Compl. at 10, ECF No. 19). For clarity, the Court refers to this allegation throughout as Count III.

4

When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject-matter jurisdiction by a preponderance of the evidence. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768. Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

The Court may determine on its own initiative that it lacks subject-matter jurisdiction, regardless of whether a party to the case has raised this claim. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see also Fed.R.Civ.P. 12(h)(3). "Whenever it appears

5

by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Id. (quoting Kontrick v. Ryan, 540 U.S. 443, 455 (2004)). The Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. at 502, 514. When the Court establishes that it does not have subject-matter jurisdiction, it "must dismiss the complaint in its entirety." Id.

### 2. Rule 12(b)(6)

Defendants also argue that Hawbaker fails to state a claim upon which relief can be granted. (See Mot. at 8–10). The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to "'forecast' evidence sufficient to prove the

elements of the claim," "the complaint must allege sufficient facts to establish [each] element[]." Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### 3. Motion to Bifurcate Discovery

Alternatively, Defendants ask that the Court exercise its discretion to "bifurcate discovery and permit limited discovery on the issue of administrative exhaustion and stay discovery on the merits of the case." (Mot. at 10). "As a general matter, [under Rule 26 of the Federal Rules of Civil Procedure], a court retains 'broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.'" Arunachalam v. Shori Servs., LLC, No. GLS-23-0046, 2024 WL 1318585, at *6 (D.Md. Mar. 26, 2024) (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998)). "When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." Charter Oak Fire Ins. Co. v. Am. Cap., Ltd., No. DKC-09-0100, 2011 WL 6000562, at *3 (D.Md. Nov. 29, 2011) (quoting Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803–04 (Fed.Cir.1999)).

B.   <u>Analysis</u>

Defendants assert Hawbaker's Complaint must be dismissed because: (1) Hawbaker failed to properly exhaust her administrative remedies; (2) Groover cannot be held individually liable under FEPA;[5] and (3) there is no private right of action under Maryland's Anti-Discrimination Law for Aiding and Abetting. (Mot. at 4–10). At bottom, the Court will grant Defendants' Motion and dismiss Hawbaker's claims with prejudice.

1.   **Exhaustion of Administrative Remedies**

Defendants begin by arguing that Hawbaker failed to exhaust her administrative remedies because: (1) she did not sign and verify the Charge she submitted to the EEOC; and (2) the EEOC Charge was untimely filed. (<u>Id.</u> at 4–6). For the reasons stated below, the Court agrees with Defendants that Hawbaker failed to file her EEOC Charge within the statutory period and will dismiss Counts I and II for lack of jurisdiction.

"A plaintiff's failure to exhaust his or her administrative remedies for a Title VII claim deprives the federal courts of subject matter jurisdiction." <u>EEOC v. PBM Graphics Inc.</u>, 877 F.Supp.2d 334, 349 (M.D.N.C. 2012) (citing <u>Jones v. Calvert Grp., Ltd.</u>, 551 F.3d 297, 300 (4th Cir. 2009)).[6] One important step in fulfilling the administrative exhaustion requirements of Title VII and FEPA is that the complaining party must file a signed and

---

[5] In her Opposition, Hawbaker concedes that there is no individual liability under FEPA. (Opp'n at 5, ECF No. 22). As such, the Court need not address this issue.

[6] FEPA is the Maryland state analogue of Title VII, and federal courts apply Title VII caselaw in adjudicating FEPA claims. <u>Williams v. Silver Spring Volunteer Fire Dep't</u>, 86 F.Supp.3d 398, 408 n.1 (D.Md. 2015) (citing <u>Haas v. Lockheed Martin Corp.</u>, 914 A.2d 735, 742 (Md. 2007)). Accordingly, the Court's analysis of Hawbaker's Title VII claim shall constitute its analysis of her FEPA claim. <u>See id.</u>

verified charge of discrimination in writing to the EEOC. See id. "The term 'verified' is defined as 'sworn or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury.'" Shorter v. Md. Rural Dev. Corp., No. RDB-13-953, 2014 WL 3051492, at *3 (D.Md. July 2, 2014) (quoting 29 C.F.R. § 1601.3). Further, in Maryland the charge must be filed within 300 days after the alleged unlawful employment practice occurred. Van Slyke v. Northrop Grumman Corp., 115 F.Supp.2d 587, 592 (D.Md. 2000), aff'd, 17 F.App'x 154 (4th Cir. 2001) (citing 42 U.S.C. § 2000e–5(e)(1)). "A charge is considered filed under . . . Title VII when the EEOC receives it, not when the claimant mails it." Krouse v. Johns Hopkins HealthCare LLC, No. RDB-18-1838, 2019 WL 979298, at *2 (D.Md. Feb. 28, 2019); Taylor v. Gen. Tel. Co., 759 F.2d 437, 442 (5th Cir. 1985) (For Title VII purposes, an EEOC charge is filed when the EEOC receives it).

Upon review of an official Notice sent to Hawbaker from the EEOC, the Court finds that Hawbaker failed to timely file her EEOC Charge. (See EEOC Notice at 36, ECF No. 20-2). Because Hawbaker alleged Defendants' discriminatory conduct regarding her sex/pregnancy occurred on or around September 13, 2022, her EEOC Charge would need to have been received by July 10, 2023 to be considered timely. See 42 U.S.C. § 2000e–5(e)(1).[7] Here, Hawbaker asserts that she timely filed her Charge on March 8, 2023—well

---

[7] Defendants produce an email from EEOC Investigator, Brandon Sanders, indicating that Hawbaker's Charge was not received until August 26, 2024—more than a year beyond the statutory period. (Sanders' Aug. 2024 Email at 27, ECF No. 20-2). But the

before the statutory deadline. (Pl.'s Opp'n Mot. Dismiss ["Opp'n"] at 5, ECF No. 22). In support of this argument, Hawbaker directs the Court to her signature date on the EEOC Charge itself: March 7, 2023. (EEOC Charge at 2). However, there is a distinction between the date signed and the actual filing date. Defendants dispute Hawbaker's allegations by attaching to their Motion an official EEOC Dismissal and Notice of Rights document sent to Hawbaker, which indicates that Hawbaker's Charge was not filed within the statutory window. See EEOC Notice at 36 ("[Y]our charge was not timely filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.").[8] Curiously, Hawbaker does not dispute Defendants' arguments regarding the EEOC Notice. (See Opp'n at 5). Rather, Hawbaker reiterates that the signature date on her EEOC Charge itself is sufficient to demonstrate her timely filing. (Id.). The Court disagrees. Although the handwritten date underneath the signature block on Hawbaker's Charge is March 7, 2023, (EEOC Charge at 2), this Court is not required to accept as true Hawbaker's allegation that she filed an EEOC Charge within the statutory

---

email between Defendants and Sanders is not integral to Hawbaker's Complaint because it does not give rise to the legal rights Hawbaker is asserting. Castro v. Ikea Distrib. Servs., Inc., No. BAH-24-1074, 2025 WL 815407, at *2 (D.Md. Mar. 14, 2025) (finding that emails within the context of an EEOC action are not integral to plaintiff's complaint and therefore should not be considered by the court on a motion to dismiss). As such, the Court will not consider the email in its resolution of Defendants' Motion to Dismiss.

[8] As stated, EEOC documents are considered integral to a complaint; therefore, Hawbaker's EEOC Charge and Defendants' EEOC Notice and other official documentation underlying the EEOC proceeding may be considered without converting Defendants' Motion to one for summary judgment. Dethridge v. Esper, No. GLR-20-606, 2021 WL 1751120, at *3 (D.Md. May 4, 2021). Because Hawbaker does not dispute the authenticity of the EEOC documentation produced by Defendants the Court considers it in its analysis.

10

period when official EEOC documents, of which the Court may take judicial notice, indicate the opposite. Yampierre v. Baltimore Police Dep't, No. ELH-21-1209, 2023 WL 6049489, at *37 (D.Md. Sept. 15, 2023) (explaining that the court is not constrained to accept as true pleadings that are contradicted by documentation of which the court may take judicial notice). Because the EEOC Notice demonstrates that Hawbaker did not timely file her Charge as required by law and Hawbaker fails to establish her Charge was received within the statutory time limit, the Court finds that Hawbaker failed to exhaust her administrative remedies. See Merch. v. Prince George's Cnty., Md., 948 F.Supp.2d 515, 524 (D.Md. 2013) (plaintiff bears burden of establishing exhaustion of administrative remedies at motion to dismiss stage). Accordingly, the Court is without jurisdiction over her Title VII and FEPA claims and will grant Defendants' Motion to Dismiss Counts I and II with prejudice.

### 2. Private Right of Action for Aiding and Abetting

In Count III of her Complaint, Hawbaker alleges that Defendant Groover violated Maryland Code, State Government § 20-801 by "aiding, abetting, inciting, compelling, and/or coercing the discriminatory conduct of Defendant New Benevis." (Am. Compl. ¶ 76). Defendants argue that the Court should dismiss this claim because "Maryland law does not provide a private right of action for aiding and abetting discrimination." (Mot. at 9). At bottom, the Court will dismiss Count III.

Under Section one of Maryland Code, State Government § 20-801, "[a] person may not:[] aid, abet, incite, compel, or coerce any person to commit a discriminatory act[]"

where discriminatory act is defined, as relevant here, as an act prohibited under FEPA. Uzoigwe v. Verizon Md. LLC, No. JRR-23-02572, 2025 WL 1370662, at *8 (D.Md. May 12, 2025); Md. Code Ann., State Gov't § 20-101(d)(4). Here, the underlying discriminatory act alleged is sex/pregnancy discrimination in violation of FEPA. (Am. Compl. ¶¶ 74–77). But because, as discussed above, Hawbaker failed to exhaust her administrative remedies with respect to her FEPA claims, Hawbaker cannot state a viable claim that Groover aided or abetted a discriminatory act in violation of Section 20-801. See Uzoigwe, 2025 WL 1370662, at *8 (dismissing Section 20-801 claim against defendant when the underlying discriminatory act alleged was a FEPA violation because plaintiff failed to sufficiently allege defendant engaged in discrimination prohibited by FEPA); see also Stafford v. Acadia Pharms. Inc., No. JRR-23-03230, 2025 WL 754483, at *12 (D.Md. Mar. 10, 2025). Accordingly, Count III of Hawbaker's Complaint will be dismissed with prejudice.

### III.   CONCLUSION

For the forgoing reasons, the Court will grant Defendants' Motion to Dismiss (ECF No. 20). A separate Order follows.

Entered this 24th day of June, 2025.

/s/
George L. Russell III
Chief United States District Judge

12